**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ATCO–SURGICAL SUPPORTS, INC., Respondent.**

**No. 17437.**

United States Court of Appeals
Sixth Circuit.

May 10, 1968.

John I. Taylor, N.L.R.B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Gary Green, Atty., N.L. R.B., Washington, D. C., on the brief), for petitioner.

Charles Iden, Akron, Ohio (Buckingham, Doolittle & Burroughs, Herman E. Rabe and Edward C. Kaminski, Akron, Ohio, on the brief), for respondent.

Before EDWARDS and PECK, Circuit Judges, and McALLISTER, Senior Circuit Judge.

EDWARDS, Circuit Judge.

In this case the National Labor Relations Board seeks enforcement of certain remedial orders after finding that respondent had violated sections 8(a) (1), 8(a) (2) and 8(a) (5) of the National Labor Relations Act.

The union [1] had tendered respondent 39 authorization cards for an impartial check and requested bargaining rights. The respondent refused to bargain but gave no explanation therefor. Subsequently eight other employees signed au-

1. The Amalgamated Clothing Workers of America, AFL-CIO.

thorization cards, thus totaling 47 out of 65 employees.

After a pre-election campaign in which respondent took a rather heavy hand, the union lost the election by a vote of 38 to 27.

Unfair labor practice charges were filed. After a hearing, the Trial Examiner and the Board found that respondent had met the union campaign with coercive threats to close the plant if the union won, with individual interrogations and inducements designed illegally to influence the employees' votes in the election and by sponsoring a company union.

The Board also found that respondent's unfair labor practices had occasioned the loss of the union's majority, which respondent had no good faith reason to doubt.

The Board ordered the vacating of the election proceedings. It also entered cease and desist orders as to the unfair labor practices, an order requiring the disestablishment of the company union, and a bargaining order in favor of the union. While pro forma objection is registered to all of these orders, respondent reserves its real opposition to the bargaining order.

■■ On review of the whole record in this case, we find substantial evidence to support the findings of the Board. Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). The first named remedial orders are well within the Board's authority.

■ As to the bargaining order, this case presents substantial violations by respondent of sections 8(a) (1), 8(a) (2) and 8(a) (5) of the N.L.R.A. We have previously upheld the powers of the Board to employ this remedy in somewhat less aggravated circumstances. N.L.R.B. v. Delight Bakery, Inc., 353 F.2d 344 (6th Cir. 1965). In this case we said:

"In our instant case we have no doubt that the NLRB had a right on this record to conclude that respondent's illegal interference with its employees' rights to organize and bargain collectively did cause the union's loss of majority status. If this is so, it seems to be well within the NLRB's discretion to seek a remedy which would effectively restore the status quo ante. It seems most unlikely that a simple cease and desist order could be expected to accomplish this result." N.L.R.B. v. Delight Bakery, Inc., 353 F.2d 344, 347 (6th Cir. 1965).

■ We note with interest the views of the Court of Appeals for the Fourth Circuit expressed in N.L.R.B. v. S. S. Logan Packing Co., 386 F.2d 562 (4th Cir. 1967). It may be that the record currently before us differs materially from the record in the *Logan* case in that here the Board found on substantial evidence that respondent Atco had no good faith doubt of the union's majority. It may also be that our case presents "the outrageous and pervasive" unfair labor practices which the Fourth Circuit feels are necessary to justify a bargaining order. We do not, however, agree with the view which we think is implied in the *Logan* case, that the 1947 Taft-Hartley amendment to section 9(c) of the Act [2] served to impose restrictions upon the powers of the NLRB to fashion appropriate remedies for employer violations of the unfair labor practice sections of the NLRA.

In Franks Bros. Co. v. N.L.R.B., 321 U.S. 702, 64 S.Ct. 817, 88 L.Ed. 1020 (1944), Mr. Justice Black spelled out the remedial powers of the Board in language which then commanded the unanimous support of the Court and which has never been modified or overruled. The power granted to the Board by Congress in 29 U.S.C. § 160(a) "to prevent any person from engaging in any unfair labor practice (listed in section 158 of this title) affecting commerce" and in 29 U.S.C. § 160 (c) "to take such affirmative action * * * as will effectuate the policies of this subchapter" has not been altered or

---

2. 61 Stat. 144 (1947).

**661**

restricted by Congressional amendment or by Supreme Court decision.

Absent Supreme Court expression on the matter, we do not believe the Taft-Hartley amendment to section 9(c) pertaining to certification proceedings should be construed as affecting the interpretation of 29 U.S.C. § 160(a) and (c), or as overruling the elucidation of those powers in the *Franks Bros.* case. See United Steelworkers of America v. N.L.R.B., 376 F.2d 770 (D.C. Cir.), cert. denied, 389 U.S. 932, 88 S.Ct. 297, 19 L.Ed.2d 285 (1967); Jas. H. Matthews & Co. v. N.L.R.B., 354 F.2d 432 (8th Cir. 1965), cert. denied, 384 U.S. 1002, 86 S. Ct. 1924, 16 L.Ed.2d 1015 (1966); Bryant Chucking Grinder Co. v. N.L.R.B., 389 F.2d 565 (2d Cir. 1967); N.L.R.B. v. Sehon Stevenson & Co., 386 F.2d 551, 554 (4th Cir. 1967) (Judge Sobeloff concurring specially).

Our instant case is clearly an unfair labor practice case and the Board's power to enter a bargaining order is clearly founded upon the remedial power sections of the NLRA, 29 U.S.C. § 160(a) and (c).

In general accord with the views recited above are Franks Bros. Co. v. N.L.R.B., 321 U.S. 702, 64 S.Ct. 817; 88 L.Ed. 1020 (1944); D. H. Holmes Co. v. N.L.R.B., 179 F.2d 876 (5th Cir. 1950); Joy Silk Mills, Inc. v. N.L.R.B., 87 U.S.App. D.C. 360, 185 F.2d 732 (1950), cert. denied, 341 U.S. 914, 71 S.Ct. 734, 95 L. Ed. 1350 (1951); N.L.R.B. v. Howell Chevrolet Co., 204 F.2d 79 (9th Cir. 1952), aff'd, 346 U.S. 482, 74 S.Ct. 214, 98 L.Ed. 215 (1953); N.L.R.B. v. Caldarera, 209 F.2d 265 (8th Cir. 1954); N.L.R.B. v. Stow Mfg. Co., 217 F.2d 900 (2d Cir. 1954), cert. denied, 348 U.S. 964, 75 S.Ct. 524, 99 L.Ed. 751 (1955); Summit Mining Corp. v. N.L.R.B., 260 F.2d 894 (3d Cir. 1958); N.L.R.B. v. Delight Bakery, Inc., 353 F.2d 344 (6th Cir. 1965); International Union of Electrical, Radio and Machine Workers, AFL-CIO v. N.L.R.B., 122 U.S.App.D.C. 145, 352 F.2d 361 (D.C. Cir.), cert. denied, 382 U.S. 902, 86 S.Ct. 235, 15 L.Ed.

2d 155 (1965); N.L.R.B. v. Niskayuna Consumers Cooperative, 376 F.2d 260 (2d Cir. 1966).

Enforcement of the Board's orders is granted.